# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER,<br><br>                     Plaintiff<br>    v.<br><br>JAMES DZURENDA, et. al.,<br><br>                    Defendants | Case No.: 2:18-cv-1774-JAD-CWH<br><br>**Order Dismissing Case**<br><br>[ECF No. 1] |

This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a former state prisoner. On May 22, 2019, this Court issued an order giving plaintiff 30 days to advise the court of his updated address.[1] That deadline has now passed, and plaintiff has not filed his updated address or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[3] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to

---

[1] ECF No. 3.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5] The fourth factor is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.[6] Carter was warned that his case would be dismissed without prejudice if he failed to update his address within 30 days,[6] so he had adequate warning that his failure to do so would result in this case's dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice based on plaintiff's failure to file an updated address in compliance with this Court's May 22, 2019, order;

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* [ECF No. 1] is denied as moot;

---

[4] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[6] ECF No. 3 (order).

2

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: July 2, 2019

_____
U.S. District Judge Jennifer A. Dorsey